IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alfonda Jamison, ) | |
| ) | Cr. No. 5:11-370 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Movant Alfonda Jamison is a federal inmate currently housed at FCI-Williamsburg in Salters, South Carolina. On February 21, 2013, Movant, appearing pro se, filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. Respondent United States of America (the "government") filed a response and motion for summary judgment on March 25, 2013. By order also filed March 25, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed a motion to amend his § 2255 motion on May 29, 2013. The government filed no response to Movant's motion to amend. The court hereby **grants** Movant's motion to amend and will address the issues raised therein.

I. FACTS AND PROCEDURAL HISTORY

Movant was indicted on March 16, 2011 and charged with conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine and fifty kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (Count 1); and possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(D) (Count 2). On April 14 2011, the government filed an Information pursuant to 21 U.S.C. § 851 in which it notified Movant

that he was subject to increased penalties based upon four drug convictions in state court for which he was sentenced on August 20, 2003, i.e., possession with intent to distribute/distribution of crack cocaine; and possession with intent to distribute/distribution of other Schedule I, II, III controlled substance (three counts).  ECF No. 12.

On July 23, 2011, Movant executed a plea agreement wherein he agreed to enter a plea of guilty to a lesser included charge of Count 1, that being conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846.  ECF No. 77, ¶ 1.  The plea agreement recited that the penalty in a case involving less than 5 kilograms but 500 grams or more of cocaine and one or more prior felony drug conviction was a minimum term of imprisonment of ten years and a maximum term of life imprisonment.  Id.  Among other things, the plea agreement provided that Movant agreed to provide truthful information to the government and to submit to polygraph examinations as requested by the government.  Id. ¶¶ 8-9.  The plea agreement also provided that any self-incriminating information provided by Movant as the result of the cooperation required by the agreement would not be used against Movant in determining his application range for sentencing pursuant to the United States Sentencing Commission Guidelines as long as Movant did not breach the terms of the plea agreement.  Id. ¶ 10.  The plea agreement also provided that Movant stipulated that he had one prior felony drug conviction and that he had been provided notice under 21 U.S.C. § 851.  Id. ¶ 11.  The plea agreement also provided that  Movant waived his right to contest the conviction or sentence in any direct appeal or other post-conviction again, including any proceedings under § 2255, except as to claims of ineffective assistance of counsel or prosecutorial misconduct.  Id. ¶ 15.

Movant came before the court on July 28, 2011 for a change of plea hearing.  After

conducting a thorough colloquy pursuant to Fed. R. Crim. P. 11, the court accepted Movant's plea of guilty. On August 8, 2011, Movant wrote the court that he wished to withdraw his plea. Movant stated that he had been pressured into entering the plea by his attorney and that he did not deserve a sentence of ten years to life incarceration. ECF No. 84. On August 16, 2011, Movant again wrote the court. Movant indicated that he had discussed the matter with his attorney and that he no longer wished to withdraw his guilty plea. ECF No. 85.

A presentence investigation report (PSR) was prepared by the United States Probation Office (USPO). ECF No. 102. The USPO indicated that the Drug Enforcement Agency (DEA) set up a wiretap in 2008 of certain drug targets in Orangeburg, South Carolina. Id. ¶ 48. As a result, certain individuals were interviewed by DEA agents pursuant to proffer agreements. Id. ¶ 14. Levoris Colter stated that he traded a 50 caliber Desert Eagle handgun to Movant for 11.2 grams of cocaine base and a quantity of marijuana. Colter stated that Movant's source of supply was his brother, Vernon Jamison. Colter also stated that he had distributed 14.8 grams of cocaine base for Movant on at least one occasion. Id. ¶¶ 16-17.

The PSR stated that DEA agents also interviewed a confidential source, who stated that he had sold Movant approximately 68,038.5 to 90,718 grams of marijuana and approximately 3.5 kilograms of powder cocaine. Id. ¶ 18. The PSR also recounted that DEA agents had interviewed Reginald Mack, who stated he had purchased large amounts of cocaine powder, cocaine base, and marijuana from Movant from around 1998 or 1999 until 2003, and again in 2007. Id. ¶¶ 19-20, 23. Mack also indicated that Movant always kept handguns, assault rifles, and shotguns at his residence. Id. ¶ 21.

The PSR also recounted that DEA agents interviewed Ulysses Daniels, who stated he had

sold marijuana and cocaine powder to Movant. Id. ¶ 22. DEA agents also interviewed Terrance Bonnett pursuant to a proffer agreement. Bonnet stated that he had purchased marijuana, cocaine base, and ecstasy pills from Movant, and that Movant was always in possession of a firearm. Id. ¶¶ 25, 26.

The PSR described Movant's arrest on April 13, 2011, as well as the evidence gathered pursuant to a search warrant of Movant's residence, including ammunition and weapons; marijuana; drug paraphernalia, and currency. Id. ¶ 24. DEA agents interviewed Movant pursuant to a proffer agreement on May 13, 2011. Movant denied knowing about the firearms present in the residence, although he had seen "magazines and stuff." Id. ¶ 27. Movant denied any knowledge of Vernon Jamison being involved in the drug trade. Id. ¶ 28. Movant admitted to possessing only some marijuana and ecstasy in a Crown Royal bag. Id. ¶ 29. Movant further denied any involvement with cocaine except for acting as a middleman in the sale of seven grams of cocaine in 2011. Id. ¶ 31. Movant eventually admitted to providing powder cocaine to a cousin, who "cooked" it into cocaine base and gave it to Movant's uncle. Movant also admitted obtaining 127.58 grams of cocaine powder from Daniels on two or three occasions, and 255.15 grams of powder cocaine from Daniels on one occasion. Movant admitted to cocaine powder dealings with Greg Evans, Daniels, Alvin Miller, and his cousin and uncle during 2005-2011. Id. ¶ 32. Movant admitted to drug deals with Mack, Johnny Eaton, and "Dirty Jersey" in 2002 and 2003. Id. ¶ 33. Movant stated he obtained fifteen to twenty pounds of marijuana from Daniels, approximately one hundred pounds of marijuana from "Bubba," and five pounds of marijuana from Shawn Price. Id. ¶ 34.

The PSR recounted that on August 11, 2011, Movant had been administered a polygraph by an examiner with the Federal Bureau of Investigation (FBI). Movant was asked a number of

questions: (1) "Are you withholding information about Vernon Jamison's [Movant's brother] illegal drug trafficking?"; (2) Did the gun found with the bag of marijuana in the closet of your mother's trailer belong to you?"; (3) "Are you lying to me about how much [cocaine base] you sold?"; (4) "Are you lying to me about the amount of other illegal drugs you sold?". Movant answered "no" to each question. The polygraph examiner determined deception was indicated during the questions. Id. ¶ 37. Movant thereafter admitted lying about the full extent of his knowledge regarding the illegal drug activities of his brother, Vernon Jamison. Movant further provided information regarding other suppliers he had not disclosed during the proffer interview, including "Scrappy," "June," and "Dimitri." Id. ¶¶ 38-41.

Movant was held accountable for 4,096.20 grams of cocaine base; 9,613.4 grams of cocaine powder; 68,038.5 grams of marijuana; and 287.5 grams of ecstasy pills, for a total marijuana equivalent of 16,762.21 kilograms. These amounts included incriminating information provided by Movant pursuant to his proffer interview. Under the 2011 edition of the Guidelines, Movant's base offense level was 36. He received a two-level increase for possessing a dangerous weapon, for a total offense level of 38. Movant received no reduction for acceptance of responsibility because he had failed to pass the polygraph examination.

Movant was assessed one point for a conviction in Orangeburg County, South Carolina municipal court for possession of twenty-grams or less of marijuana or ten grams or less of hashish (U.S.S.G. § 4A1.1(c)); three points for the four convictions set forth in the § 851 Information (U.S.S.G. § 4A.1.1(a)); one point for a criminal domestic violence conviction in Orangeburg, South Carolina magistrate's court (U.S.S.G. § 4A1.1(c)); one point for possession of twenty-eight grams or less of marijuana or ten grams or less of hashish and criminal domestic violence in Orangeburg,

South Carolina magistrate's court (U.S.S.G. § 4A1.1(c)); one point for criminal domestic violence in General Sessions Court for Orangeburg, South Carolina (U.S.S.G. § 4A1.1(c)); and one point for possession of twenty-eight grams or less of marijuana or ten grams or less of hashish in Orangeburg County, South Carolina municipal court (U.S.S.G. § 4A1.1(c)), for a total of eight. Because a maximum of four points may be counted under U.S.S.G. § 4A1.1(c), the total was revised to seven. In addition, Movant was on probation at the time of the instant offense, so two points were added under U.S.S.G. § 4A1.1(d), for a total criminal history points of nine. Movant was assessed a criminal history category of IV. Accordingly, his Guidelines range was 324 to 405 months incarceration.

A sentencing proceeding was held on February 16, 2012. Movant raised the following objections:

1. Movant objected to the convictions in the PSR being used as predicate offenses under 21 U.S.C. § 851, The USPO responded that the convictions listed in § 851 Information were verified and included in the PSR. The USPO also noted that, under the plea agreement, Movant agreed not to contest the Information. (Objection No. 1)

2. Movant objected to being held accountable for drug weights revealed in incriminating statements made by him during the proffer interview. The USPO responded that Movant had breached the plea agreement by failing the polygraph examination, and thus the provisions in the plea agreement not to utilize the incriminating evidence were voided. (Objections Nos. 2 and 3)

3. Movant objected to not being afforded a reduction for acceptance of responsibility. The USPO took the position that Movant's failure to be truthful during his debriefings established a lack of responsibility for his conduct. (Objection No. 4)

Movant withdrew his objections at the sentencing proceeding. The court varied from the Guidelines to impose a 1:1 ratio for cocaine powder and cocaine base. As a result, Movant's total

offense level became 34, for a Guidelines range of 210 to 262 months incarceration. The court sentenced Movant to custody for a period of 210 months. Judgment was entered on February 21, 2012.

## II. DISCUSSION

Movant states the following grounds for relief in his February 21, 2013 filing:

GROUND ONE: Movant is entitled to the benefit of the Fair Sentencing Act of 2010 (FSA) pursuant to Dorsey v. United States, 132 S. Ct. 2321 (2012).

GROUND TWO: Movant signed a stipulated plea agreement in which he was to be held accountable for fifty grams and a criminal history category of II, and should receive an amended sentence of 151 months.

Movant raises the following grounds in his May 29, 2013 filing:

GROUND THREE: Ineffective assistance of counsel. Trial counsel failed to investigate and provided incorrect legal advice.

GROUND FOUR: Ineffective assistance of counsel/prosecutorial misconduct. The government breached the plea agreement by allowing the court to utilize Movant's incriminating statements to calculate the drug weights attributable to Movant. Trial counsel was ineffective for failing to object.

GROUND FIVE: Ineffective assistance of counsel. Trial counsel failed to object at sentencing the incorrect calculation of Movant's criminal history, which should have resulted in a criminal history category of II.

\* \* \*

The government argues that Movant waived his rights to raise Grounds One and Two in his plea agreement. A defendant may waive the right to appeal his conviction and to attack a sentence collaterally so long as the waiver is knowing and voluntary. United States v. Lemaster, 403 F.3d 216, 219 (4th Cir. 2005). However, because the government argued the merits of Movant's Grounds One and Two, the court turns to those claims.

7

A.     Fair Sentencing Act (Ground One)

The FSA implemented a less punitive cocaine base to powder ratio of 18:1. See United States v. Wilson, 401 F. App'x 760, 762 (4th Cir. 2010). The revisions set forth in the FSA apply to offenders whose crimes preceded August 3, 2010, the effective date of the FSA, but who were sentenced after that date. Dorsey v. United States, 132 S. Ct. 2321 (2012). In this case, Movant pleaded guilty to a conspiracy that commenced in 2007. He was sentenced in February 2012. Thus, Movant could be entitled to the more lenient penalties as he claims. However, Movant was granted a variance to a 1:1 ratio, which was more beneficial to him. Movant's Ground One is without merit.

B.     Stipulated Plea Agreement (Ground Two)

The court has thoroughly reviewed the plea agreement executed by Movant. The plea agreement contains no language limiting Movant's drug weights to fifty grams or consenting to a criminal history category of II. Movant's Ground Two is without merit.

C.     Ineffective Assistance of Counsel (Grounds Three, Four, and Five)

To prove ineffective assistance of counsel, Movant must show that trial counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. Id. at 688. Movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694. Strickland requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."

Id. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id. at 694.

In Hill v. Lockhart, 474 U.S. 52, 58-59 (1985), the Supreme Court held that, in order to prove ineffective assistance of counsel subsequent to a guilty plea, a movant must show that (1) counsel's errors were below a standard of reasonable competence, and (2) but for those errors, the movant would not have pleaded guilty but would have proceeded to trial. "A guilty plea is constitutionally valid if it represents a voluntary and intelligent choice among the alternative choices of action open to the defendant." United States v. Roberts, 426 F. App'x 195, 196 (4th Cir. 2011) (quoting United States v. Moussaoui, 491 F.3d 263, 278 (4th Cir. 2010)) (internal quotation marks omitted).

     1.    <u>Failure to investigate and provide correct legal advice</u>. Movant contends that he informed trial counsel that he never conspired with anyone and that any drug transactions that may have occurred were strictly buyer-seller arrangements or took place with confidential informants.

The gravamen of the crime of conspiracy is an agreement to effectuate a criminal act. United States v. Mills, 995 F.2d 480, 484 (4th Cir. 1993) (quoting United States v. Laughman, 618 F.2d 1067, 1077 (4t Cir. 1980)). Evidence of a buy-sell transaction is probative on the issue of whether a conspiratorial relationship exists. Id. at 485 n.1. Moreover, evidence of a buy-sell transaction, when coupled with a substantial quantity of drugs, supports a reasonable inference that the parties were co-conspirators. Id.

In this case, the statements of Colters, Daniels, Mack, and others, as well as Movant's own statements made during his proffer interviews, demonstrated Movant purchased and distributed large amounts of cocaine powder, cocaine base, and marijuana. Assuming for purposes of discussion that

trial counsel's performance was deficient for not arguing Movant had a mere buyer-seller relationship with the government's witnesses, the court discerns no prejudice. By his own admission, Movant 's activities went beyond that of mere buy-sell transactions. Ground Three is without merit.

  2.  <u>Breach of plea agreement</u>. Movant contends that he is entitled to the benefit of his bargain under the plea agreement. Specifically, Movant contends that the government breached paragraph ten of the plea agreement by using self-incriminating information against Movant in determining Movant's applicable Guidelines range. As an initial matter, the court notes that trial counsel did object to the USPO's consideration of Movant's self-incriminating statements in calculating the amounts of drugs for which Movant should be held accountable. In any event, trial counsel's performance was not ineffective because, as recounted by the USPO, Movant's failure to provide truthful information during his proffer interviews and his failure to successfully complete the polygraph examination relieved the government of any obligations under the plea agreement. <u>See</u> ECF No. 76, ¶¶ 8, 9. it is axiomatic that failure to raise a meritless claim cannot serve as a ground for ineffective assistance of counsel. <u>See</u> <u>Bolender v. Singletary</u>, 16 F. 3d 1547, 1573 (11th Cir. 1994). Ground Four is without merit.

  3.  <u>Incorrect criminal history category</u>. Movant asserts that he had one prior state court conviction that resulted in a concurrent sentence on four counts. Thus, according to Movant, he should have been assessed only three criminal history points, which would have resulted in a criminal history category of II.

  Under U.S.S.G. § 4A1.1(c), up to four points may be counted for prior sentences not counted in § 4A1.1(a) (sentences of imprisonment exceeding one year and one month) and § 4A1.1(b)

(sentences of imprisonment of at least sixty days not counted in (a)).  The term "prior sentence" means any sentence previously imposed upon the adjudication of guilty and can include non-imprisonment sentences. U.S.S.G. § 4A1.2. Sentences are disregarded only in certain circumstances not applicable here. See U.S.S.G. § 4A1, application notes.

The court's review of the PSR discloses no impropriety in assessing points for Movant's drug offenses and criminal domestic violence offenses for which he received one point.  Further, there is no evidence that Movant was not on probation at the time of the instance offense, such that the addition of two points was improper.  As stated previously, trial counsel can not be ineffective for failing to raise a meritless issue.  Movant's Ground Five is without merit.

### III. CONCLUSION

For the reasons stated, the government's motion for summary judgment (ECF No. 129) is **granted**, and Movant's § 2255 motion is **denied and dismissed, with prejudice**.

### IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001).  The court concludes that Movant has not made the requisite showing.  Accordingly,

the court **denies** a certificate of appealability.

      **IT IS SO ORDERED**.

                                          /s/ Margaret B. Seymour  
                                          Senior United States District Judge

Columbia, South Carolina

January 28, 2015

### NOTICE OF RIGHT TO APPEAL

**Movant is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**