IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 5:11-0370 |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Alfonda Jamison, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

On July 28, 2011, Defendant Alfonda Jamison pleaded guilty to conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. On February 13, 2012, Defendant was sentenced to incarceration for 210 months, to be followed by a term of supervised release of 8 years. Judgment was entered on February 21, 2012. Defendant's current release date is March 11, 2026.

This matter is before the court on Defendant's "Motion for Relief from a Judgement by Correcting Pre-Sentence Investigation Report Per FRCP 60(b)(6) or Per 28 U.S.C. 2255 if None Has Been Submitted and Construing as such Would Be Timely," which motion was filed on February 1, 2019. Defendant requests the court to redact his presentence investigation report (PSR) to eliminate any information that might bar Defendant from early release as a reward for successful completion of the Residential Drug Abuse Treatment Program ("RDAP"). See 18 U.S.C. § 3621(e)(2)(B) (providing that the Bureau of Prisons may reduce the sentence a prisoner convicted of a nonviolent offense upon the prisoner's successful completion of a program of residential substance abuse treatment). Specifically, Defendant states that the PSR's inclusion of a firearms enhancement and information regarding certain past convictions prohibits him from receiving the credit that ordinarily is awarded upon successful completion of the program.

Defendant relies on United States v. Fraley, Criminal Action No. 05-188-KSF, Civil Action No. 07-18-KSF, 2007 WL 1876455 (E.D. Ky. June 27, 2007), to support his motion. In Fraley, the defendant was precluded from receiving credit on her sentence as a result of a two-point gun enhancement in her PSR. However, the sentencing transcript demonstrated that the district judge had intended that the defendant, upon successful completion of the RDAP, should be eligible for credit on her sentence pursuant to § 3621(e). The district judge granted the defendant relief and ordered the gun enhancement be redacted from the PSR.

In this case, Defendant was attributed 4,096.26 grams of cocaine base, 9,613.4 grams of powder cocaine, 68,038.5 grams of marijuana, and 287.5 gram of ecstasy, for a marijuana equivalent of 16,762.21 kilograms. Defendant's base offense level was 36. He received a 2-point enhancement for possessing a dangerous weapon, and no reduction for acceptance of responsibility. Defendant's criminal history points were 9, for a criminal history category of IV. His guidelines range was 324 to 405 months imprisonment. The court granted Defendant's motion for a 1:1 variance and sentenced him to 210 months incarceration. Although the court ordered Defendant to satisfactorily participate in a substance abuse treatment, to include drug testing, as approved by the USPO, the court did not do so with the expectation that Defendant would receive another reduction in his sentence from completing the RDAP. See Cline v. United States, Civil Action No. 2:10-CV-117, Criminal Action No. 2:09-CR-7-1, 2011 WL 6965661 (N.D.W. Va. Nov. 14, 2011) (distinguishing Fraley on the ground that, in Cline, the district judge did not factor the RDAP program into the sentence).

For these reasons, Defendant's motion for relief from judgment (ECF No. 154) is **denied**. To the extent Defendant's motion should be construed as being brought pursuant to 28 U.S.C. §

2255, the court denies a certificate of appealability.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 20, 2021