IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America | C/A No. 5:11-cr-370-SAL |
| v. | **OPINION AND ORDER** |
| Alfonda Jamison, | |
| Defendant. | |

This matter comes before the court pursuant to a motion to reduce sentence filed pro se by Defendant Alfonda Jamison. [ECF No. 197.] In June 2023, the government responded in opposition to the motion. [ECF No. 204.] After carefully analyzing the arguments raised by the parties in accordance with the relevant facts and law, the court denies Defendant's motion for the reasons below.

**RELEVANT BACKGROUND**

On July 28, 2011, Defendant Alfonda Jamison pleaded guilty to conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. On February 13, 2012, Defendant was sentenced to incarceration for 210 months, to be followed by a term of supervised release of 8 years. Judgment was entered on February 21, 2012. [ECF Nos. 108, 112.] The details of Defendant's sentence have been summarized in earlier orders by the court—

> Defendant was attributed 4,096.26 grams of cocaine base, 9,613.4 grams of powder cocaine, 68,038.5 grams of marijuana, and 287.5 grams of ecstasy, for a marijuana equivalent of 16,762.21 kilograms. Defendant's base offense level was 36. He received a 2-point enhancement for possessing a dangerous weapon, and no reduction for acceptance of responsibility. Defendant's criminal history points were 9, for a criminal history category of IV. His guidelines range was 324 to 405

months imprisonment. The court granted Defendant's motion for a 1:1 variance and sentenced him to 210 months incarceration.

[ECF No. 195 at 2.]

On March 27, 2023, Defendant filed a motion arguing that "he should be considered for a Minus two reduction under the provisions of the Retroactivity Amendment 782 Law." [ECF No. 197 at 1.] He asked the court to order a new presentence investigation and sentence him accordingly. *Id.* The government opposes Defendant's motion. [ECF No. 204.] This matter is fully briefed and ripe for review.

## STANDARD OF REVIEW

Courts may not modify a sentence once imposed with few exceptions. 18 U.S.C. § 3582(c). One exception, outlined in 18 U.S.C. § 3582(c)(2), arises when a defendant's sentencing range has been lowered by the Sentencing Commission under the Guidelines pursuant to 28 U.S.C. § 994(o). When that happens, the court may reduce the term of imprisonment after considering the facts set forth in 18 U.S.C. § 3553(a), and if such a reduction is consistent with the applicable policy statements of the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

## DISCUSSION

As set forth above, Defendant's requested sentence reduction is based on his assertion that he is entitled to a "Minus two reduction" under Amendment 782. [ECF No. 197 at 1.] As noted by the government, "Amendment 782 references a change approved by the United States Sentencing Commission ("Commission") in April 2014 to amend the advisory sentencing guidelines in a way that lowers the offense levels on the drug quantity table by two offense levels." [ECF No. 204 at 3 (citing U.S.S.G. § 2D1.1(c) (2015); U.S.S.G. app. C, amends 782).] Amendment 782 is retroactive and became effective in November 2014.

2

The government argues Defendant is not entitled to a reduction under Amendment 782 because he was already sentenced at a 1:1 ratio in 2012. *See* ECF No. 112. The court agrees. Indeed, Defendant has already filed a motion to reduce his sentence pursuant to Amendment 782 previously in this case, and it was denied by the court because "Amendment 782 does not have the effect of lowering the defendant's sentence because he received the benefit of a 1:1 variance at sentencing." [ECF No. 148 at 1.] The government points out as much in its brief, and Defendant has not responded.

The court finds Defendant is not entitled to any further reduction under Amendment 782 since he received the benefit of a 1:1 variance at his 2012 sentencing. After carefully reviewing the briefs of the parties and the facts of this case, the court finds that no further reduction in Defendant's sentencing range is necessitated by Amendment 782.

## CONCLUSION

For these reasons, the court **DENIES** Defendant's Motion to Reduce Sentence Under Amendment 782. [ECF No. 197.]

**IT IS SO ORDERED.**

October 4, 2023
Columbia, South Carolina

Sherri A. Lydon
United States District Judge